

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOREY HARRIS, #348390** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1944** |
| **N. BURL CAIN, WARDEN**<br>**LA. STATE PENITENTIARY** | **SECTION "C"** |

### ORDER AND REASONS

Before the Court is Mr. Torey Harris's ("Petitioner") application for writ of habeas corpus. Having considered the record, Petitioner's memorandum in support of his application, the state's memorandum in opposition to it, and the applicable law, the Court hereby DENIES Mr. Harris's application for writ of habeas corpus.

### I. Background

Petitioner, Mr. Torey Harris, is currently serving a life sentence at the Louisiana State Penitentiary in Angola, Louisiana.[1] On October 20, 2000, Petitioner was convicted of distribution of cocaine by jury at the 24th Judicial District Court of the Parish of Jefferson pursuant to La. R.S. 40:967(A) and was sentenced to thirty years imprisonment.[2] He was then

---

[1] Fed. Rec., Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Harris v. Cain*, No. 05-1944 (signed May 15, 2005).

[2] State Rec., Vol. 2 of 3, Jury Verdict, *State v. Harris*, No. 00-4955 (Oct. 20, 2000); State Rec., Vol. 2 of 3, Commitment, *State v. Harris*, No. 00-4955 (Dec. 14, 2000).

adjudicated a third felony offender and was sentenced to life in prison pursuant to the Louisiana Habitual Offender Statute La. R.S. 15:529.1 on December 13, 2001.[3]

On December 20, 2001, Petitioner filed a direct appeal[4] with the Louisiana Fifth Circuit Court of Appeal, which affirmed his conviction and sentence in an unpublished opinion on January 28, 2003.[5] Petitioner subsequently filed a writ of certiorari in the Supreme Court of Louisiana on February 25, 2003,[6] which denied relief on October 31, 2003, without assigning reasons.[7]

Petitioner then pursued post-conviction relied in the state courts. He filed an application for post-conviction relief with the 24th Judicial District Court on March 22, 2004.[8] This application was denied on March 31, 2004.[9] Petitioner next filed a writ of certiorari with the

---

[3] State Rec., Vol. 2 of 3, Multiple Offender Bill of Information, *State v. Harris*, No. 00-4955 (Dec. 14, 2000); State Rec., Vol. 2 of 3, Commitment, *State v. Harris*, No. 00-4955 (Dec. 13, 2001).

[4] State Rec., Vol. 2 of 3, Motion for Appeal, *State v. Harris*, No. 00-4955 (Dec. 20, 2001); State Rec., Vol. 3 of 3, Original Brief on Behalf of Appellant, *State v. Harris*, No. 02-KA-0873 (filed Sept. 18, 2002).

[5] State Rec., Vol. 3 of 3, Conviction Affirmed, *State v. Harris*, No. 02-KA-873 (Jan. 28, 2003).

[6] State Rec., Vol. 3 of 3, Supplemental Appeal, *State v. Harris*, No. 03-KO-0846 (filed Mar. 25, 2003); State Rec., Vol. 3 of 3, Petition for Writ of Certiorari, *State v. Harris*, No. 03-KO-0846 (postmarked Feb. 25, 2003). February 25, 2003 is the date that Petitioner's writ was metered for mailing, and therefore the date this Court will consider the appeal as filed for statute of limitations purposes. *See Roberts v. Cockrell*, 319 F.3d 690, 691 n2 (5th Cir. 2003).

[7] State Rec., Vol. 3 of 3, Denial of Writ, *State v. Harris*, No. 03-KO-0846 (Oct. 31, 2003).

[8] State Rec., Vol. 1 of 3, Uniform Application for Post-Conviction Relief, *Harris v. State*, No. 00-4955 (filed Mar. 22, 2004); State Rec., Vol. 3 of 3, Denial of Writ, *State v. Harris*, No. 03-KO-0846 (Oct. 31, 2003).

[9] State Rec., Vol. 1 of 3, Order, *State v. Harris*, No. 00-4955 (Mar. 31, 2004).

Louisiana Fifth Circuit Court of Appeal on April 23, 2004,[10] which was denied on April 30, 2004.[11] Then, Petitioner appealed to the Louisiana Supreme Court on May 12, 2004,[12] which was denied on April 29, 2005.[13]

On May 15, 2005, Petitioner filed this federal application for habeas corpus.[14] In support of his application, Petitioner raises the following three claims, which he also raised on state post-conviction review:

1) The state failed to meet its burden of proof during the multiple offender hearing in violation of the Fourteenth Amendment.

2) His attorney was ineffective in violation of the Sixth Amendment when he failed to (A) investigate Petitioner's previous convictions prior to the multiple offender hearing, (B) file a written response to the multiple bill of information, and (C) investigate Petitioner's mental health history prior to trial that would have enabled him to present an insanity defense.

---

[10] State Rec., Vol. 3 of 3, Application for Supervisory And/Or Remedial Writ (signed Apr. 23, 2004), Exhibit C to Application for Writ of Certiorari and Review to La. Supreme Court, Application for Writs of Certiorari, *Harris v. State*, No. 04-KH-1367 (signed May 12, 2004).

[11] State Rec., Vol. 1 of 3, Writ Denied, *Harris v. State*, No. 04-KH-486 (Apr. 30, 2004).

[12] State Rec., Vol. 3 of 3, Application for Writs of Certiorari, *Harris v. State*, No. 04-KH-1367 (signed May 12, 2004).

[13] State Rec., Vol. 3 of 3, Denial of Writ, *Harris v. State*, No. 04-KH-1367 (Apr. 29, 2005).

[14] Fed. Rec., Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Harris v. Cain*, No. 05-1944 (signed May 15, 2005). May 15, 2005 is the earliest date that Petitioner could have presented his petition for mailing, and therefore the earliest date this Court could consider the petition as filed for statute of limitations purposes. The Court will thus treat this date as the date it was filed for purposes of determining timeliness. *See Roberts v. Cockrell*, 319 F.3d 690, 691 n2 (5th Cir. 2003).

3)      The trial judge should have recused himself due to judicial bias and his failure to do so deprived Petitioner of his right to a fair trial in violation of the Sixth and Fourteenth Amendments.

## II. Exhaustion and Timeliness

The Court finds that Petitioner has presented all three of his claims to the Louisiana Supreme Court in his state application for post-conviction relief.[15] Accordingly, Petitioner has satisfied the exhaustion requirement. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Myers v. Collins,* 919 F.2d 1074, 1075-77 (5th Cir. 1990).

With respect to timeliness, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring his habeas corpus claims under 28 U.S.C. § 2254 within one year of the date on which his conviction or sentence became final.[16] A petitioner's conviction becomes final for purposes of determining timeliness on the date when the time for

---

[15] State Rec., Vol. 3 of 3, Application for Writs of Certiorari, *Harris v. State*, No. 04-KH-1367 (signed May 12, 2004).

[16] 28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State Action
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

filing a petition for certiorari with the United States Supreme Court ends. *Clay v. United States*, 537 U.S. 522, 525 (2003). Petitioner's writ of certiorari was denied by the Louisiana Supreme Court on October 31, 2003.[17] Petitioner had 90 days to file a petition for certiorari with the United States Supreme Court. SUP. CT. R. 13. Because he did not file a petition with the United States Supreme Court, his conviction became final 90 days after October 31, 2003, on January 29, 2004.

On this date, Petitioner's statute of limitations for filing a petition for habeas corpus began to run. However, AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. *See Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). "'[A] properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (quoting *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998)); *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000).

Petitioner properly filed an application for post-conviction relief in the Criminal District Court of the Parish of Orleans on March 22, 2004.[18] Between January 29, 2004, when Petitioner's conviction became final for federal habeas purposes and March 22, 2004, when Petitioner filed for post-conviction relief, 53 days had passed.

---

[17] State Rec., Vol. 3 of 3, Denial of Writ, *State v. Harris*, No. 03-KO-0846 (Oct. 31, 2003).

[18] State Rec., Vol. 1 of 3, Uniform Application for Post-Conviction Relief, *Harris v. State*, No. 00-4955 (filed Mar. 22, 2004); State Rec., Vol. 3 of 3, Denial of Writ, *State v. Harris*, No. 03-KO-0846 (Oct. 31, 2003).

Although the United States Circuit Court of Appeals for the Fifth Circuit has not directly addressed the issue of when the Louisiana Supreme Court's denial of an application for state post-conviction relief is considered "final" for the purpose of calculating a tolling period in a federal habeas corpus proceeding, it appears that the general practice is to consider a writ denial final as of the date of the denial. *See Melancon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001) (tolling period ended on February 5, 1999, the date of the writ denial); *Hall v. Cain*, 216 F.3d 518, 520 (5th Cir. 2000) (post-conviction application ceased to be pending on November 22, 1996, the date of the writ denial); *Chester v. Cain*, 2001 WL 1231660, at *4 (E.D. La. Oct. 15, 2001) (tolling period ended on January 12, 2001, the date of the writ denial); *Walker v. Cain*, 2001 WL 1005943, at *2 (E.D. La. Aug. 30, 2001) (tolling period ended on October 27, 2000, the date of the writ denial).

Accordingly, the statute of limitations remained tolled throughout the pendency of his application for post-conviction, or until April 29, 2005, the date the application was denied by the Louisiana Supreme Court.[19] Starting on April 29, 2005, the limitations period resumed for an additional 16 days until Petitioner filed the instant petition for habeas corpus on May 15, 2005.[20] Together with the 53 days that passed between the date that the conviction became final and the filing of his application for post conviction relief, a total of 69 days of the limitations period elapsed. Thus, Petitioner timely filed his petition prior to the expiration of the one year statute of limitations period.

### III. Standard of Review

---

[19] State Rec., Vol. 3 of 3, Denial of Writ, *Harris v. State*, No. 04-KH-1367 (Apr. 29, 2005).

[20] Fed. Rec., Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Harris v. Cain*, No. 05-1944 (signed May 15, 2005).

The AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.[21] Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted the following:

> §2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (internal citations omitted).

---

[21] 28 U.S.C. §2254(d) :
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
　　(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
　　(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As to questions of fact, factual findings are presumed to be correct, and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

## IV. Law and Analysis

### Claim I: State's Failure to Meet Its Burden of Proof at Multiple Offender Hearing

Petitioner argues that the state did not prove that his two prior guilty pleas, which provided the basis for his multiple offender status, were taken in compliance with the provisions of *Boykin v. Alabama*, 395 U.S. 238 (1969).[22] The United States Supreme Court has held that by entering a plea of guilty, a defendant waives several federal constitutional rights. *Id.* at 243. Courts have consistently held that express articulation and waiver of each of these rights are not required; however, the record must show that the plea was voluntary. *Neyland v. Blackburn*, 785

---

[22] Fed. Rec., Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Harris v. Cain*, No. 05-1944 (signed May 15, 2005), pp. 8-11. To the extent that Petitioner argues that the state failed to prove that he was the same person who was convicted of the predicate offenses, this Court agrees with the Louisiana's Fifth Circuit Court of Appeals factual finding that "[a]t the habitual offender hearing, the State proved that the defendant had previously been convicted of possession of cocaine in 1994 and possession with intent to distribute cocaine in 1996." State Rec., Vol. 3 of 3, Conviction Affirmed, *State v. Harris*, No. 02-KA-873 (Jan. 28, 2003) p. 6.

This Court further notes that the state argues that Petitioner's claim is procedurally barred because the state district court denied relief after finding his claim to be repetitive. Fed. Rec., Doc. No. 7, Response in Opposition to Granting Writ of Habeas Corpus, *Harris v. Cain*, No. 05-1944 (Nov. 4, 2005) p. 9. The state district court found the claim to be repetitive because the court of appeal "previously addressed the defendant's multiple bill sentence," on direct appeal. State Rec., Vol. 1 of 3, Order, *State v. Harris*, No. 00-4955 (Mar. 31, 2004). The state court merely declined to review his claim a second time because it felt that it was sufficiently addressed on appeal. In a federal habeas petition, a federal petitioner can raise claims that he raised either on direct appeal or in a state post-conviction proceeding; either is sufficient and both are not required. *Brown v. Allen*, 344 U.S. 443, 447(1953); *Myers v. Collins*, 919 F.2d 1074,, 1075-77 (5th Cir. 1990). If a petitioner raises a claim both on direct appeal and in a state post-conviction hearing, then he is not procedurally barred from raising it in a federal claim.

F.2d 1283, 1287 (5th Cir.), *cert. denied*, 479 U.S. 930 (1986). "A guilty plea is involuntary if it is made in ignorance of its consequences." *United States v. Ammirato*, 670 F.2d 552, 555 (5th Cir. 1982) (citing *Cheely v. United States*, 535 F.2d 934, 935 (5th Cir. 1976)). For each of the two predicate offenses upon which his sentence was based, Mr. Harris pled guilty. With each plea, Mr. Harris signed a waiver of constitutional rights.[23]

In the light of *Boykin* and established law in the Fifth Circuit, this Court rejects Petitioner's claim that he was sentenced as a multiple offender in violation of the Constitution.

### Claim II: Ineffective Assistance of Counsel

Mr. Harris next argues that he was denied effective assistance of counsel when his trial counsel (A) failed to investigate Petitioner's previous convictions prior to the multiple offender hearing and failed to file a written response to the multiple bill of information; and (B) failed to investigate Petitioner's mental health history prior to trial that would have enabled him to present an insanity defense.[24]

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 697.

---

[23] Although the waivers are inexplicably absent from the records provided to this Court, it appears from the transcript of the multiple bill hearing that Mr. Harris signed waivers of his constitutional rights. Also, it appears as though the state submitted a transcript of the *Boykin* hearing for one of Mr. Harris's prior convictions. State Rec., Vol. 2 of 3, Transcript of Multiple Bill Hearing, *State v. Harris*, No. 00-4955 (Dec. 13, 2001) pp. 10-16.

[24] Fed. Rec., Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Harris v. Cain*, No. 05-1944 (signed May 15, 2005), pp. 11-31.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the petitioner is challenging the actions of trial or appellate counsel. In order to prove prejudice with respect to trial counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

Petitioner bears the burden of proof when asserting a claim for ineffective assistance of counsel. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*,

227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

A claim of ineffective assistance of counsel is a mixed question of law and fact. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003). Therefore, this Court must defer to the state court on these claims unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

**(A) Failure to File Written Response Opposing the Multiple Bill**

Petitioner argues that his attorney was ineffective because he did not review the documents establishing him as a third felony offender,[25] which would have lead him to file a written response opposing the multiple bill of information. Mr. Harris argues that had his attorney reviewed the documents providing evidence of his status as a third felony offender, his attorney would have filed a written objection opposing the multiple bill. Mr. Harris argues that his attorney was required by *State v. Jones*, 700 So.2d 1034 (La. App. 2d. Cir. 1997), to file a written response to the multiple bill of information, and that his failure to do so prejudiced Petitioner by barring him from directly attacking the validity of the predicate offenses.

However, as noted by the state district court judge, Petitioner's counsel filed a Motion to Quash Multiple Bill on May 7, 2001, which indicates that he did, in fact, review the documents establishing Mr. Harris as a third offender.[26] At the multiple bill hearing, Petitioner's attorney

---

[25] Fed. Rec., Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Harris v. Cain*, No. 05-1944 (signed May 15, 2005), p. 13.

[26] State Rec., Vol. 1 of 3, Order, *State v. Harris*, No. 00-4955 (Mar. 31, 2004).

also made oral objections to the validity of the predicate offenses, arguing, as Petitioner argues in this habeas petition, that they were not taken in compliance with *Boykin v. Alabama*, 395 U.S. 238 (1969).[27] Consequently, this Court finds Petitioner's argument without merit.

**(B) Failure to Investigate Possible Insanity Defense**

Mr. Harris next argues that his counsel was ineffective when he failed to investigate a possible insanity defense after having reason to believe that his client may have been suffering from a mental defect.[28] While there is no evidence in the record that trial counsel investigated the possibility of a defense based on mental impairment, neither is there any evidence in the record that trial counsel was on notice that investigation into the possibility of such a defense was warranted. "[C]ounsel is not constitutionally ineffective for insufficiently investigating a defendant's mental or psychological condition when there is nothing to put counsel on notice that such a condition exists." *Miniel v. Cockrell*, 339 F.3d 331, 345 (5th Cir. 2003). The only evidence in the record indicating that Mr. Harris might be mentally impaired is a comment made by his counsel to the trial judge in a hearing on counsel's Motion to Reconsider Sentence.[29] When asking the judge to reconsider the sentence, Mr. Harris's counsel stated: "I did find out later that he has a history of some mental defect." However, there is no indication in the record

---

[27] State Rec., Vol. 2 of 3, Transcript of Multiple Bill Hearing, *State v. Harris*, No. 00-4955 (Dec. 13, 2001) pp. 10-16. To the extent that Mr. Harris's arguments relate to his counsel's choice of conduct, a conscious, informed decision on trial tactics and strategy cannot form the basis for constitutionally ineffective assistance of counsel unless it is so ill-chosen that it permeates the entire trial with obvious unfairness. *See Ward v. Dretke*, 420 F.3d 479, 491 (5th Cir. 2005); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). Such an argument is not supported by the record before this Court.

[28] Fed. Rec., Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Harris v. Cain*, No. 05-1944 (signed May 15, 2005), p. 19.

[29] State Rec., Vol. 2 of 3, Transcript of Hearing on Motion to Reconsider Sentence, *State v. Harris*, No. 00-4955 (Mar. 1, 2001) p. 5.

that any family member or that Mr. Harris himself put his counsel on notice that mental impairment might be a viable defense such that further investigation was warranted.

Moreover, even if counsel had investigated the possibility of a mental impairment defense, it is unclear whether the defense would have helped him significantly, as Mr. Harris was charged with distribution of cocaine, a general intent crime that can be established by proving voluntary distribution. *State v. Brown*, 904 So.2d 805, 808 (La.App. 5th Cir. 2005); *State v. Banks*, 307 So.2d 594, 597 (La. 1975).

Mr. Harris has not shown that his counsel's performance was deficient, and, consequently, his ineffective-assistance claim for failure to investigate fails.

### Claim III: Denial of Fair Trial Due to Judge's Failure to Recuse Himself

In his final claim, Petitioner argues that the Jefferson Parish trial judge, Judge Ronald Bodenheimer, should have recused himself due to judicial bias and that his failure to do so deprived Petitioner of his right to a fair trial.[30] In 2003, Judge Bodenheimer pled guilty to "conspiring to plant drugs on a critic of his Venetian Isles Marina, scheming to fix Al Copeland's child custody case with the hopes of gaining a lucrative seafood contract at the multimillionair's restaurants, and plotting to reduce and split bonds for bail bonds mogul Louis Marcotte in exchange for dinners, trips, and other things of value." Martha Carr and Manuel Torres, *Jeff Judge Confesses in 3 Schemes; Bodenheimer Agrees to Help in Courthouse Corruption Probe*, Times Picayune, Apr. 1, 2003, at 1. Petitioner argues that because of Judge Bodenheimer's actions, he could not have been an unbiased judge over his drug trial.

---

[30] Fed. Rec., Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Harris v. Cain*, No. 05-1944 (signed May 15, 2005), pp. 32-35.

The Due Process Clause requires a "fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-905 (1997). Therefore, to establish a claim of judicial bias, a petitioner must demonstrate that his judge was actually biased against him or had an interest in the outcome of his particular case. *Id.* In *Bracy*, the United States Supreme Court held that a habeas petitioner demonstrated "good cause" for appropriate discovery to prove his judicial bias claim when his state judge had accepted bribes from other criminal defendants to fix their cases. *Id.* at 905-906. The petitioner in *Bracy* argued that because the judge took bribes from some criminal defendants, he was biased against the State in those cases, and also biased against defendants who did not bribe him, so that he would not appear to be "soft" on criminals. *Id.*

Mr. Harris has not made such a showing. There is no evidence in the record that Judge Bodenheimer's actions elsewhere, however egregious, had any impact in this particular case. Mr. Harris was caught on videotape distributing drugs to an undercover agent and was convicted by a jury, not by Judge Bodenheimer.[31] Further, the sentence he received as a multiple offender was within the law.[32] Unlike the state judge in *Bracy*, Judge Bodenheimer's corrupt activities do not lead to an inference that he was biased against criminal defendants, and, in particular, that he was biased against Mr. Harris. Petitioner's argument that he was a victim of judicial bias is speculative and he cannot point to any ruling on the part of Judge Bodenheimer that demonstrates judicial bias.

---

[31] State Rec., Vol. 2 of 3, Transcript of Jury Trial, *State v. Harris*, No. 00-4955 (Dec. 13, 2001) pp. 73-77.

[32] State Rec., Vol. 2 of 3, Transcript of Multiple Bill Hearing, *State v. Harris*, No. 00-4955 (Dec. 13, 2001) pp. 17-18.

Accordingly, the Court rejects Petitioner's claim that he was denied his right to a fair trial.

## V. Conclusion

The Court finds that Mr. Harris has not established that his state conviction and sentence provide grounds for the relief requested. Accordingly, IT IS ORDERED that the petition of TOREY HARRIS for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana this 13th day of February, 2006.

HELEN G. BERRIGAN
U.S. DISTRICT JUDGE